UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANDRA R.[1] O/B/O A.A.A.,

      Plaintiff,

v.                                                                                                20-CV-109 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## DECISION AND ORDER

      Plaintiff Sandra R. brings this action on behalf of A.A.A., her minor child, under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act ("Act"), seeking review of the decision made by the Commissioner of the Social Security Administration ("Commissioner") finding that A.A.A. was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 12, 14. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's protective application for Title XVI Social Security Supplemental Security Income ("SSI") on behalf of A.A.A. filed on March 22, 2016.[2] Tr. 124-29.[3] Plaintiff alleged that A.A.A. had been disabled since February 13, 2016. Tr. 127. Plaintiff's application was denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 55-70, 73-75. On August 20, 2018, ALJ Jonathan P. Baird presided over a hearing in which Plaintiff and A.A.A. were represented by counsel. Tr. 35-54. Following the hearing, ALJ Baird issued an opinion finding that A.A.A. was not disabled as defined by the Act. Tr. 12-34. Plaintiff requested Appeals Council review, which was denied, after which she commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both disability insurance benefits ("DIB") and SSI programs under the Act. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI). Disability for children under age 18, however, is determined under a three-step evaluation process. *See* 20 C.F.R. § 416.924; *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 4 are hereby denoted "Tr. __."

2

correct legal standards were applied. 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The Commissioner's factual findings are conclusive when supported by substantial evidence. *Johnson*, 817 F.2d at 985. "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deference. *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1988); *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant with be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986; *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that a court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act").

## II. Disability Determination

Disability under the Act for children under the age of 18 is determined under a three-step test. 20 C.F.R. § 416.924(a); *see Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009). First, the ALJ must determine whether the claimant

3

is currently engaged in substantial gainful activity. *Id.* "Substantial work activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.924(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.924(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant's impairments meet, medically equal, or functionally equal the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.923, 416.924(d), 416.924a(b)(4), 416.926a(a) and (c). As part of this process, the ALJ evaluates the claimant's functional limitations in six different domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1); *Carisma A. o/b/o T.A. v. Comm'r of Soc. Sec.*, 516 F. Supp. 3d 301, 303 (W.D.N.Y. 2021). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.924(d)(1).

## DISCUSSION

### I. The ALJ's Decision

Here, the ALJ determined that A.A.A. had not engaged in substantial gainful activity since Plaintiff's application date of February 25, 2016. Tr. 18. He also

4

found that A.A.A. suffered from one severe impairment: attention deficit hyperactivity disorder ("ADHD"). *Id.* The ALJ concluded, however, that A.A.A.'s ADHD did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 19-30. Therefore, according to the ALJ, A.A.A. was not entitled to SSI following Plaintiff's application date of February 25, 2016. Tr. 30.

## II.  Plaintiff's Argument

Plaintiff makes two arguments for judgment in her favor. Dkt. 8-1 at 1. First, Plaintiff asserts that the ALJ improperly evaluated the opinions of A.A.A.'s treating physician, Dr. Jennifer L. Roller, and the consultative examiner, Dr. Susan Santarpia, under the treating physician rule. *Id.* at 14, 20. Second, Plaintiff claims that the ALJ's functional equivalence finding at step three of the disability determination was not supported by substantial evidence. *Id.* at 20. As set forth below, Plaintiff's arguments are without merit.

## III.  Analysis

For claims filed before March 27, 2017, the ALJ follows a two-step procedure for evaluating medical sources under the "treating physician" rule. 20 C.F.R. § 416.927. First, the ALJ must decide whether the opinion is entitled to controlling weight. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). The opinion of a treating physician "as to the nature and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

5

substantial evidence in [the] case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citation omitted); *but see Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 259-60 (2d Cir. 1988) (noting that the treating physician rule does not come into play if there is a medical consensus in the record regarding the claimant's medical conditions).

If the ALJ does not give a treating physician's opinion controlling weight, the second step requires an explicit discussion of the "*Burgess* factors": "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citing *Burgess*, 537 F.3d at 129).

An ALJ's failure to "explicitly" apply the *Burgess* factors at step two is a procedural error and becomes subject to a harmless error analysis. *Estrella*, 925 F.3d at 95-96. Remand is not necessary if the Court can conclude, after performing a "searching review of the record," that the ALJ applied the substance of the treating physician rule by providing "good reasons" for its weight assignment. *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (quoting *Estrella*, 925 F.3d at 96).

### A. The ALJ consideration of Dr. Roller's opinion did not run afoul of the treating physician rule.

Plaintiff argues that the ALJ improperly discounted the opinion of Dr. Jennifer L. Roller under the treating physician rule. Dkt. 8-1 at 14. The opinion at issue consisted of a checklist-style form in which Dr. Roller concluded that A.A.A.

6

exhibited extreme limitations in impulsiveness and hyperactivity, marked limitations in social functioning, and extreme limitations in maintaining concentration, persistence, or pace. Tr. 423-25. The ALJ afforded Dr. Roller's opinion "little weight" because it was not "supported by the medical evidence of record as a whole or by her treatment notes." Tr. 24. In fact, the ALJ asserted that it was of little probative value for not being "supported by any objective evidence." *Id.*

Turning to the two-step analysis under the treating physician rule, the ALJ determined that Dr. Roller's opinion was not entitled to controlling weight. *See Schillo,* 31 F.4th at 75 n.3 (finding that the ALJ proceeded through step one of the treating physician rule analysis when she determined that the opinion would receive little or partial weight). While the ALJ failed to explicitly discuss his consideration of the *Burgess* factors, he did acknowledge Dr. Roller's status as A.A.A.'s treating pediatrician and noted that she "ha[d] treated the claimant for a few years now." Tr. 22, 24. He found Dr. Roller's opinion to be unsupported by her own treatment notes stating that A.A.A.'s condition was improving with medication and that A.A.A. was doing well in school. Tr. 24 (citing Tr. 371, 374). The ALJ further determined that Dr. Roller's opinion was inconsistent with the opinion of Dr. Santarpia regarding whether A.A.A. had less than marked limitations in attending and completing tasks, and it was also inconsistent with the opinion of Dr. Meyer as to whether A.A.A. had less than marked limitations in interacting and

7

relating with others. *See* Tr. 26-27 (citing Tr. 60 (Dr. Meyer's opinion), Tr. 423-25 (Dr. Roller's opinion), and Tr. 431 (Dr. Santarpia's opinion)).

As such, although the ALJ failed to explicitly discuss his consideration of *Burgess* factors in deciding not to afford Dr. Roller's opinion controlling weight, after a searching review of the record, the Court concludes that this error was harmless.

### B. The ALJ's consideration of Dr. Santarpia's opinion was in accordance with the treating physician rule.

Plaintiff argues next that the ALJ improperly afforded Dr. Santarpia's opinion controlling weight under the treating physician rule. Dkt. 8-1 at 20. Plaintiff takes particular issue with Dr. Santarpia's status as a one-time consultative examiner, and Plaintiff believes that Dr. Santarpia failed to consult the entire medical record. *Id.* at 20-21. The Court finds neither argument persuasive.

It is true that an ALJ should not use the opinion of a consultative examiner as a reason to assign a treating physician's opinion little weight, especially in the context of mental health, as a "one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella*, 925 F.3d at 98; *see Selian*, 708 F.3d at 419 (cautioning ALJs from "rely[ing] heavily on the findings of consultative physicians after a single examination"). But an ALJ does not have to give the opinion of a treating physician controlling weight if it is contradicted by substantial evidence, and substantial evidence can come in the form of a consultative examiner's opinion. *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir.

8

1983) (citing *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980) and *Miles v. Harris*, 645 F.2d 122 (2d Cir. 1981)).

Here, the ALJ did not discount Dr. Roller's opinion solely because of the opinion of Dr. Santarpia. Rather, the ALJ discounted Dr. Roller's opinion because it was inconsistent with her own treatment records, the opinion of Dr. Santaripia, and the opinion of Dr. Meyer. Tr. 22, 24, 26, 27; *see Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013) ("The ALJ noted that Dr. Rahman's final opinion was inconsistent with his own prior opinions and the findings of the other medical examiners, and was based on [the claimant's] subjective complaints."). Therefore, the ALJ did not improperly give controlling weight to the opinion of Dr. Santarpia at the expense of Dr. Roller's opinion under the treating physician rule.

Plaintiff's assertion Dr. Santarpia needed to review the entirety of A.A.A.'s medical record before the ALJ could rely on her opinion also misses the mark. Dkt. 8-1 at 21. The Code of Federal Regulations does not specifically require a consultative examiner to review a claimant's entire record before issuing an opinion. *See* 20 C.F.R. § 416.919n. What is more, if a consultative examiner personally examines a claimant and her conclusions are consistent with the objective medical evidence, it does not matter if the consultative examiner reviewed a specific piece of evidence. *See Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) (holding that it was not reversible error for an ALJ to give great weight to a consultative examiner who physically examined the claimant but did not review the claimant's MRI results). Thus, Plaintiff's argument that Dr. Santarpia needed to have reviewed

9

A.A.A.'s entire medical record before the ALJ could rely on the opinion is without merit.

### C. The ALJ's step three determination is supported by substantial evidence.

Lastly, Plaintiff argues that the ALJ failed to identify substantial evidence supporting his step three determination. Dkt. 8-1 at 1. Plaintiff believes that the ALJ's findings that A.A.A. had "less than a marked limitation in the domains of attending and completing tasks, interacting and relating with others, and caring for self are unsupported by substantial evidence and based upon a misapplication of the appropriate legal standards." *Id.* at 23. Plaintiff also asserts that the ALJ failed to consider A.A.A.'s speech and language disorder in evaluating the domain of interacting and relating with others after finding the disorder to be a non-severe impairment at step two. *Id.* at 29.

In evaluating the claimant's functional limitations in the six different domains listed in section 416.926a(b)(1), the ALJ must find that the claimant has "marked" limitations in two or more domains or an "extreme" limitation in one or more domains. 20 C.F.R. § 416.926a(d). The ALJ in A.A.A.'s case found her to have less than marked limitations or no limitations in all six domains. Tr. 24-30. The ALJ arrived at his conclusion after considering Dr. Meyer's finding that A.A.A. had marked limitations in attending and completing tasks, as well as Dr. Roller's finding that A.A.A. had extreme limitations in impulsiveness and hyperactivity, marked limitations in social functioning, and extreme limitations in maintaining

10

concentration, persistence, or pace. *See* Tr. 26-27 (citing Tr. 60 (Dr. Meyer's opinion), Tr. 423-25 (Dr. Roller's opinion)).

As mentioned above, the ALJ did not run afoul of the treating physician rule by not affording Dr. Roller's opinion controlling weight or by relying on Dr. Santarpia's consultative examination. *See supra* pp. 6-10. Resolution of any conflicts between the opinions of Dr. Roller and Dr. Santarpia was wholly within the province of the ALJ. *See Venio v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."); *see also Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). It is not enough for Plaintiff to simply claim that she would have interpreted Dr. Roller and Dr. Santarpia's opinions differently.

Plaintiff has also not shown that the ALJ failed to consider properly A.A.A.'s speech and language disorder after finding it to be a non-severe impairment at step two. Dkt. 8-1 at 29. The Code of Federal Regulations states that a child's impairment is not considered severe if it "is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c).

The ALJ's finding that A.A.A.'s speech and language disorder was a non-severe impairment is supported by substantial evidence. The ALJ cited to multiple pieces of evidence in the record showing that A.A.A.'s speech and language disorder

11

caused her no more than minimal functional limitations. *See* Tr. 18-19 (citing Tr. 181-90, 359, 385-86). Even if the ALJ erred at step two, however, it was harmless. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013). The ALJ continued with the sequential evaluation process and considered all of A.A.A.'s severe and non-severe impairments at step three. *See* Tr. 21 ("[Plaintiff] reported that [A.A.A.] is in second grade, attends a Charter school, and does have an Individual Education Plan (IEP) for speech since head start."). The ALJ also explicitly stated in his step three determination that, "[a]fter considering the evidence of record, the undersigned finds that [A.A.A.'s] medically determinable impairments could reasonably be expected to produce the alleged symptoms." Tr. 21. A.A.A.'s medically determinable impairments included her non-severe speech and language disorder. Thus, Plaintiff's argument that the ALJ failed to consider A.A.A.'s non-severe speech and language disorder is without merit.

In sum, Plaintiff simply disagrees with how the ALJ evaluated A.A.A.'s speech and language disorder and the opinions of Dr. Roller and Dr. Santarpia. *See* Dkt. 8-1 at 14-30. Plaintiff instead must show that no reasonable factfinder could reach the same conclusions as the ALJ. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994). Plaintiff failed to meet this burden and, as such, remand is inappropriate.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 12) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8). The Clerk of the Court will close this case.

SO ORDERED.

Dated:    November 3, 2022
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE